**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND MARGELEFSKY, ) | 3:10-cv-00010-RCJ (RAM) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendant. ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff Raymond Margelefsky's Motion to Remand the decision of the Commissioner. (Doc. #12.)[1] Defendant Commissioner opposed the motion and filed a Cross-Motion for Summary Judgment to affirm the Commissioner's final decision. (Doc. #17.) After a thorough review, the court recommends that Plaintiff's motion be granted, and Defendant's motion be denied, and the decision of the administrative law judge be reversed and remanded for further proceedings consistent with the terms of this Report and Recommendation.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

At the time of the Commissioner's (Defendant) final decision, Plaintiff Raymond Margelefsky (Plaintiff) was a thirty-four-year-old man with an associate degree who worked

---

[1] Refers to court's docket number.

1  twenty to twenty-five hours per week as a sales clerk in a video store. (Administrative Record
2  (AR) 23-24.) He does not recall ever having a full-time job. (AR 28.) He has previously
3  worked as a janitor. (AR 29.)

4  Plaintiff previously filed applications for Disability Insurance Benefits (DIB) and
5  Supplemental Security Income (SSI) in July 2003. (AR 2, 13.) On August 3, 2005, an
6  administrative law judge (ALJ) found Plaintiff disabled due to mental impairments for a
7  closed period beginning August 30, 2001 through November 23, 2004. (AR 12, 37-40.) As
8  of November 2004, Plaintiff's condition related to his ability to perform work improved, and
9  Plaintiff had in fact returned to work. (AR 39.)

10  On January 31, 2007, Plaintiff filed a new application for DIB and SSI, alleging
11  disability beginning on January 1, 2006. (AR 12, 112.) The Commissioner denied Plaintiff's
12  application initially and upon reconsideration. (*Id.* at 12, 52, 56, 61.) Plaintiff requested a
13  hearing to challenge the Commissioner's determination.

14  Plaintiff, represented by counsel, appeared and testified at the hearing before the ALJ
15  on July 24, 2009. (AR 18-32.)  The ALJ followed the five-step procedure for evaluating
16  disability claims, set forth at 20 C.F.R. §§ 404.1520, 416.920, and issued a written decision
17  on August 4, 2009, finding Plaintiff "not disabled" as defined in the Social Security Act and
18  denying the claim for DIB and SSI. (*Id.* at 12-17.) Plaintiff appealed the decision, and the
19  Appeals Council denied review. (*Id.* at 1-3.) Thus, the ALJ's decision became the final
20  decision of the Commissioner. (*Id.*)

21  Plaintiff now appeals the decision to the district court, arguing: (1) the ALJ's residual
22  functional capacity (RFC) assessment is incomplete; (2) the ALJ made incomplete findings
23  at step two; and (3) the record is incomplete. (Pl.'s Mot. for Remand (Doc. # 12) 9-12.)
24  Defendant opposed the motion and filed a Cross-Motion for Summary Judgment arguing:
25  (1) there is no presumption of continuing disability and evidence within the prior application
26  is irrelevant*;* (2) The ALJ's step two finding was complete because it was based on substantial
27  relevant evidence and he was not required to consider evidence from Plaintiff's prior
28

application; and (3) substantial evidence supported the ALJ's RFC finding where he properly discounted Dr. Kotler's opinion and properly weighed Ruth Raskin's opinion. (Def.'s Cross-Mot. for Summ. J. and Opp. to Mtn. to Remand (Doc. # 17).)

## II.  STANDARD OF REVIEW

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005)(internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F. 3d 748, 749 (9th Cir. 1995)(citation omitted). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Id.* at 749 (citation omitted).  The ALJ alone is responsible for determining credibility and for resolving ambiguities. *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The initial burden of proof rests upon the claimant to establish disability. *See* 20 C.F.R. § 404.1512(a)*; Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986) (citations omitted). To meet this burden, a plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected … to last for a continuous period of not less than 12 months …." 42 U.S.C. § 423 (d)(1)(A).

///
///
///

3

## III. DISCUSSION

**A.    SEQUENTIAL PROCESS AND ALJ FINDING**

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the Social Security Administration (SSA) can make a finding of disability or nondisability, a determination will be made and the SSA will not further review the claim. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

In the first step, the Commissioner determines whether the claimant is engaged in "substantially gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i)*; Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantially gainful activity, the Commissioner proceeds to step two. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Yuckert*, 482 U.S. at 140-141.

The second step requires the Commissioner to determine whether the claimant's impairment or combinations of impairments are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921; *Yuckert*, 482 U.S. at 140-41. If a claimant's impairment is so slight that it causes no more than minimal functional limitations, the Commissioner will find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If, however, the Commissioner finds that the claimant's impairment is severe, the Commissioner proceeds to step three. *Id*.

In the third step, the Commissioner determines whether the impairment is equivalent to one of a number of specific impairments listed in 20 C.F.R. pt. 404, subpt. P, app.1 (Listed Impairments). *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity. 20 C.F.R. §§ 404.1525, 416.925. If the claimant's impairment meets or equals one

of the Listed Impairments and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d) . If the claimant's impairment is severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If the claimant can still do past relevant work, then he or she is not disabled for purposes of the Act. 20 C.F.R. §§ 404.1520(f), 416.920(f). If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner, *Yuckert*, 482 U.S. at 144, to establish, in step five, that the claimant can perform work available in the national economy. 20 C.F.R. §§ 404.1520(e),(f), 416.920(e), (f)*; Yuckert*, 482 U.S. at 141-42. Application of steps four and five requires the Commissioner to review the claimant's RFC and the physical and mental demands of the work he or she did in the past. 20 C.F.R. §§ 404.1520(f),(g), 416.920(f), (g). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945. If the claimant cannot do the work he or she did in the past, the Commissioner must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. If the Commissioner establishes that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

In the present case, the ALJ applied the five-step sequential evaluation process and found, at step one, that Plaintiff did not engage in substantial gainful activity since his alleged onset date of January 1, 2006. (AR 13.) At step two, the ALJ found that it was established that Plaintiff is severely impaired by a depressive disorder and an anxiety disorder. (*Id.* at 13, 17.) The ALJ also found Plaintiff suffers from the following non-severe conditions: obsessive compulsive disorder, hypertension, gastroesophageal reflux disease (GERD), and found he is mildly obese. (*Id.* at 13.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the

5

1  Listed Impairments. (*Id.* at 17.) At step four, the ALJ determined that Plaintiff had the RFC
2  to perform the full range of heavy work. (*Id.* at 15, 17.) The ALJ also found Plaintiff's
3  testimony was not fully credible. (*Id.* at 16.) At step five, the ALJ concluded that
4  considering Plaintiff's RFC, he was not disabled because he could return to his past relevant
5  work and, alternatively, he could perform a significant number of jobs pursuant to the
6  Medical Vocational Rule 204.00. (*Id.* at 16-17.)

### B.  ALJ'S FINDINGS AT STEP TWO AND ADEQUACY OF THE RECORD

First, Plaintiff argues that the ALJ failed to make complete findings at step two. (Doc. # 12 11.) Specifically, Plaintiff asserts that there is evidence in the record Plaintiff suffers from more psychiatric disorders than found by the ALJ, but the ALJ did not mention these disorders which were the basis of a previous disability finding. (*Id.*) As a result, Plaintiff argues the case should be remanded for proper and complete findings at step two. (*Id.*) Defendant argues the ALJ's step two findings were complete because they were based on substantial relevant evidence and the ALJ was not required to adopt findings or consider evidence from Plaintiff's prior application. (Doc. # 17 9-10.)

Second, Plaintiff argues that this matter should be remanded for completion of the record, particularly for inclusion of the interrogatories completed by Dr. Wells, referred to by the ALJ. (Doc. # 12 at11.) Defendant argues that there is no presumption of continuing disability, and therefore any evidence relevant to Plaintiff's prior application is not relevant here. (Doc. # 17 8-9.)

As set forth above, at step two, the ALJ determines whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c); *Yuckert*, 482 U.S. at 140-41. An impairment or combination of impairments is "severe" if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c),416.920(c). Plaintiff carries the initial burden of establishing that his severe mental impairments significantly limit his ability to perform basic work activities. *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). He must provide medical evidence

showing how severe his mental impairments are during the time disability is alleged. 20 C.F.R. §§ 404.1512(c), 416.912(c). "A determination that an impairment[s] is not severe requires a careful evaluation of the medical findings which describe the impairment[s] and an informed judgment about its [their] limiting effects on the individual's physical and mental abilit[ies] to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself." SSR 85-28, 1985 WL 56856 at * 4 (1985) (Program Policy Statement; Titles II and XVI: Medical Impairments That Are Not Severe).[2] An impairment or combination of impairments can be found "not severe" only if the medical evidence clearly establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 WL 56856 at * 3 (1985); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 2005); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).

Plaintiff previously applied for and was granted social security benefits for the closed period beginning August 30, 2001 through November 23, 2004. (AR 12, 33-35, 37-40.) In that instance, the ALJ determined Plaintiff had the following "severe" impairments: mood disorder; anxiety disorder with obsessive-compulsive features; social phobia; and mixed personality disorder (dependent, passive-aggressive and schizoid features). (AR 39.) Plaintiff returned to work on November 23, 2004, and was found to be no longer disabled. (*Id.* at 40.) Defendant is correct that Plaintiff did not appeal the termination of benefits, but filed a new application for benefits in 2007. (*Id.* at 12.) With respect to the new application, the ALJ found that Plaintiff's depressive disorder and anxiety disorder were severe for Social Security purposes, but that his obsessive compulsive disorder, hypertension, gastroesophogeal reflux disease (GERD), and mild obesity were non-severe. (*Id.* at 13.)

---

[2] Social Security rulings constitute the Social Security Administration's official interpretations of the statute it administers and of its own regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). These rulings are entitled to some deference as long as consistent with the Social Security Act and regulations. *See Bray*, 554 F.3d at 1223 (concluding ALJ erred in disregarding SSR 82-41); *Massachi v. Astrue*, 486 F.3d 1149, 1152 n. 6 (9th Cir. 2007). These rulings are binding on ALJs. *See Bray*, 554 F.3d at 1224.

Plaintiff argues that the ALJ should have considered the previous finding that Plaintiff had mental impairments including mood disorder, anxiety disorder with obsessive compulsive features, and mixed personality disorder equaling a Listed Impairment in making the step two severity determination in this matter. (Doc. # 12 11.)

Defendant is correct that to the extent Plaintiff requests a continuing disability review, his request is without merit. *See* 20 C.F.R. §§ 404.1589, 404.1590, 416.989, 416.990. However, it does not appear Plaintiff is asserting he was entitled to a continuing disability review. Rather, he claims that the ALJ should have reviewed *all* of his relevant medical evidence in making the severity determination at step two.

The record indicates that Plaintiff suffered from mental impairments dating back to at least 2001. (AR 37-40.) Other than noting a previous determination of disability due to mental impairments for the closed period of August 30, 2001 through November 23, 2004, which was terminated due to medical improvement and the ability to return to work, the ALJ does not reference Plaintiff's prior disability period or severe mental impairments. (AR 12.) In fact, despite a history or mental impairments, it appears that the ALJ only considered medical evidence of Plaintiff's mental impairments beginning with Plaintiff's new onset date of January 1, 2006. (AR 12-15.) The ALJ was required to consider all of Plaintiff's medical records, including those contained in his past disability case where benefits were awarded and subsequently terminated due to improvement and return to work, in making his severity determination of Plaintiff's subsequent mental impairments. *See* 42 U.S.C. § 423(d)(5)(B), applicable by 42 U.S.C. § 1382c(a)(3)(H)(i) to SSI ("In making any determination with respect to whether an individual is under disability or continues to be under a disability, the Commissioner of Social Security shall consider *all evidence available in such individual's case record*, and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability..." ) (emphasis added).

8

"Individuals who earlier established a period of disability for which the Secretary terminated benefits because of a cessation of the disability may become reentitled to disability payments at a later date if they again satisfy all of the requirements of the Act." *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1460 (citing 20 C.F.R. § 404.250-404.252 (special computation rules for people who had an earlier period of disability and become reentitled to payments at a later date); 20 C.F.R. § 404.315 (individuals who were previously entitled to disability benefits need not satisfy the waiting period requirement when they apply for disability benefits based on a current disability for which they are insured); 20 C.F.R. § 404.1592(2)(ii) (no trial work periods for individuals receiving disability benefits in a second period of disability for which there was no waiting period)). In satisfying all the requirements of the Act, Plaintiff must meet both the severity and duration requirements for the new period of disability. SSR 82-52, 1982 WL31376 (1982) ("An individual who was previously entitled to a period of disability must again meet the duration requirement before a subsequent period of disability can be established, even though a second waiting period under title II may not be required in certain circumstances.").

Here, the ALJ's opinion indicates that he did not consider medical evidence of Plaintiff's mental impairments from his previous disability period in determining the severity of his subsequent mental impairments. The record indicates Plaintiff has a history of mental impairments dating back to at least 2001. Accordingly, the ALJ erred in failing to address or take into account all relevant medical evidence dealing with Plaintiff's mental impairments.

**C.   RFC ASSESSMENT**

Plaintiff argues the ALJ erred when he found that Plaintiff could perform a full range of heavy work after finding Plaintiff had severe impairments and other non-severe impairments. (Doc. # 12 9.) In addition, Plaintiff argues that the ALJ failed to include non-exertional limitations in the RFC, avoiding the necessity of taking vocational testimony. (*Id.*) He argues that when there are non-exertional limitations, the Grids cannot be used. (*Id.* at

9-10.) Plaintiff argues that the case should be remanded for formulation of a complete and accurate RFC assessment, with further proceeding to take vocational testimony. (*Id.* at 10.)

Defendant argues substantial evidence supported the ALJ's RFC assessment where the ALJ properly discounted Dr. Kotler's contradicted non-examining opinion and Ruth Raskin's non-medical opinion. (Doc. # 17 11.) Defendant argues that the ALJ was not required to call a vocational expert at step four as he found Plaintiff not disabled and able to return to past relevant work. (*Id.* at 12.) Defendant also contends that the ALJ properly applied the Grids to make an alternate step five finding of non-disability. (*Id.* at 13.) Finally, Defendant argues that even if the ALJ had included non-exertional limitations in the RFC, he could have relied on the Grids because the non-exertional limitations must be sufficiently severe to make reliance on the Grids improper. (*Id.* at 13-14.)

Pursuant to 20 C.F.R. § 416.923:

> In determining whether your physical or mental impairment or impairments are of sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, *the combined impact of the impairments will be considered throughout the disability determination process.*

*Id.* (emphasis added).

Due to the error in the ALJ's analysis at Step Two, Plaintiff's RFC may also be erroneous.

### IV. CONCLUSION

After carefully reviewing the record as a whole, the district court should find there are outstanding issues in this case that must be resolved dealing with the severity of Plaintiff's mental impairments and their impact, if any, on Plaintiff's RFC. Accordingly, the district court should remand this case back to the ALJ for further administrative proceedings consistent with the terms of this Report and Recommendation.

///

///

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Remand (Doc. #12) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion for Summary Judgment (Doc. #17) be **DENIED** and that the decision of the ALJ be **REVERSED AND REMANDED** for further proceedings consistent with the terms of this Recommendation.

DATED:  August 3, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

**IT IS SO ORDERED**

Dated:  September 6, 2012

_____
UNITED STATES DISTRICT JUDGE